ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2014 JUL 16  PM 2: 30

UNITED STATES OF AMERICA

v.

CRIMINAL NO.

RAJEANNA JENNE BROWN

3 - 14 CR - 2 7 6 - M

## PLEA AGREEMENT

Rajeanna Jenne Brown ("Defendant"), Lauren Woods ("Defendant's attorney"), and the United States of America ("Government"), agree as follows:

1. Rights of the Defendant: Brown understands that she has the following

   rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have her guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in her defense; and

   e. against compelled self-incrimination.

2. Waiver of Rights and Plea of Guilty: Brown waives these rights and pleads guilty to the offense alleged in Count One of the Information charging a violation of 18 U.S.C. § 1384, Prostitution Near Military Establishment. Brown understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3.   <u>Sentence:</u>  The maximum penalties the Court can impose for Count One include:

    a.   imprisonment for a period of not more than one year;

    b.   a fine not to exceed $100,000, or twice any pecuniary gain to Brown or loss to the victims;

    c.   a term of supervised release of not more than one year, which may follow any term of imprisonment.  If Brown violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d.   a mandatory special assessment of $25;

    e.   restitution to victims or to the community, which Brown agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone; and

    f.   costs of incarceration and supervision.

4.   <u>Court's sentencing discretion and role of the Guidelines:</u>  Brown understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only.  Brown has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  Pursuant to Rule 11(c)(1)(B), FED. R. CRIM. P., the parties agree the appropriate sentence in this case is a one year term of probation that will include a 28 day in-patient drug treatment program and require her to obtain a General Equivalency Diploma (GED).   However, Brown understands that this agreement is not binding on the Court, and she will not be allowed to withdraw her plea if the agreement is not adopted, if the applicable advisory guideline range is higher than expected, or if the

Court departs from the applicable advisory guideline range. Brown fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.     Mandatory special assessment:  Brown agrees to pay to the U.S. District Clerk the amount of $25, in satisfaction of the mandatory special assessment in this case.

6.     Defendant's Agreement:  Brown shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Brown shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution.  Brown expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court.  Brown fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.  In the event the Court imposes a schedule for payment of restitution, Brown agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Brown' full and immediately enforceable financial obligation.  Brown understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7.     Government's Agreement:  The Government will not bring any additional charges against Brown based upon the conduct underlying and related to her plea of guilty.  The Government will dismiss, after sentencing, any remaining charges in the

pending Information. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Brown or any property.

8.   Violation of Agreement: Brown understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Brown and others, for all offenses of which it has knowledge. In such event, Brown waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Brown also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

9.   Voluntary Plea: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10.   Waiver of Right to Appeal or Otherwise Challenge or Seek Reduction in Sentence: Brown waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Brown reserves the rights (a) to bring a

direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11.     <u>Representation of Counsel</u>: Brown has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation.  Brown has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Brown has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[Nothing further on this page.]

12.   <u>Entirety of Agreement</u>:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 16th day of July, 2014.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

JENNIFER TOURJE
Deputy Criminal Chief

CARA FOOS PIERCE
Assistant United States Attorney
Texas State Bar No. 24036579
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel:  (214) 659-8678
Fax: (214) 659-8805
Email: cara.pierce@usdoj.gov

RAJEANNA JENNE BROWN
Defendant

LAUREN WOODS
Attorney for Defendant